## LINDSEY, JORDAN & CO. v. UNION MUTUAL FIRE INS. CO.

Where to an application for insurance upon personal property was appended this clause :—"And the said applicant covenants and agrees with said Company, that the foregoing is a correct description of the property requested to be insured, as far as regards the risk and value of the same :" *Held*, That the answers to the interrogatories were simply warranties that the description of the property was correct so far as regarded the risk and value; and that the materiality of the facts to which the interrogatories related, was a proper subject of inquiry by the jury.

Where an applicant for insurance, in reply to an interrogatory respecting the situation of the building containing the property to be insured, described two small buildings, and added to the description, "both the above buildings are to be moved fifteen feet," and a loss occured before these buildings had been removed: *Held*, That the insured were entitled to a reasonable time to make these removals, and that the jury were rightly instructed to inquire what, under the circumstances of the case, was a reasonable time.

THIS was an action upon a policy of insurance, for the value of personal property destroyed by fire. A verdict was rendered for the plaintiffs, whereupon the defendants moved for a new trial, upon the grounds set forth in the Court's opinion.

*Lapham* for defendants, in support of the motion, cited 1 Phil. on Ins. 289, 354, 415, 469; Angell on Ins. 213, 229, 469; 5 Hill, 188; 2 Denio, 78; 2 Comstock, 211; 10 Barbour, 285.

*Cozzens* for plaintiffs, contra, cited 7 Wend. 72; 25 Wend. 377; 8 Munro, 63; 8 Metc. 122; 2 Comstock, 211; W. & M. Circ. Ct. 529; Angell on Ins. secs. 146–79.

BOSWORTH, J.    The defendants in this case take exceptions to the rulings, opinions and charges of the Court, and ask a new trial on the ground of alleged errors in the said rulings, opinions and charges.

The first point in the exceptions taken, is,—" Because the answers of the plaintiffs to the defendants' interrogatories third and fourth, in a written application for insurance, were warranties; and the plaintiff's testimony showed that they were not true and had not been complied with.

The second point made in the exceptions is,—" That if said answers were not warranties, they were, as was shown by plaintiff's evidence aforesaid, misrepresentations and concealments of facts specifically inquired about; and that whether material or immaterial to the risk, they should exonerate the defendant from all liability in said contract of insurance, as the defendant by making said inquiries implied that they considered them material.

The third point made in the exceptions is,—" Because it appeared from the plaintiff's evidence that the plaintiffs had not performed an agreement by them made in answer to interrogatory fourth, in the application aforesaid, relative to the removal of said cotton waste house.

The defendants' counsel, at the trial, upon these points by him raised to the Court, moved a non-suit, which motion was overruled, and the case submitted to the jury.

And further, the defendants except to the charge of the Court to the jury, because they say they requested the Court to charge that the materiality of facts specifically inquired about by the defendants in said application for insurance, and by the plaintiffs answered about in writing, were not open to inquiry by the jury, but must be by them considered material, which the Court refused to do, but on the contrary, charged the jury that the materiality of said facts was to be by them determined. And that the jury were also instructed, that in case the statement as to the waste house was considered as a warranty, the plaintiffs had a reasonable time in which to remove it, and the jury were to judge of what was a reasonable time, under the circumstances of the case.

Upon inspection of the written application for insurance, referred to in the exceptions, we find that the third interrogatory relates to the " dimensions of the building to be insured, or that containing the personal property insured," and the fourth interrogatory relates to the " distance and direction from each other, and from other buildings within four rods."

The property here insured was personal property. There were no buildings insured in the policy. There are many other interrogatories put and answered in the written application referred to, and the whole are concluded with the following express agreement: " And the said applicant covenants and agrees with said Company, that the foregoing is a correct description of the property requested to be insured, *as far as regards the risk and value of the same.*" This concluding clause in the application itself indicates the extent of the warranty which the party making, and the party receiving it, understood the application to be. And being referred to

in the policy and made a part of it, it is a warranty, according to its terms. The making the application a part of the policy, cannot have the effect to make the answers to the questions put and answered, a warranty of a different character than that which the application represents it to be. The giving to it such effect would contradict the terms in the policy, that the application is made a part of it. The warranty is, therefore, that " the description of the property requested to be insured, is a correct description, as far as regards the risk and value." If, therefore, the question of the correctness of this description is disputed, it is by the terms of the policy limited to the inquiry whether it is a correct description, *so far as regards the risk and value*, of the goods insured. This depends upon the facts, and reasonable inferences from the facts, of the case. As to the question of value of the property, this is a question of fact purely, and as to the question of the risk of the property, as affected by the description of the buildings in which it was situated, it is, we think, equally so.

Appended to the answer to the fourth interrogatory in the application, as to the " distance and direction from each other, and from other buildings within four rods," is the statement, that " a small shed at 22 feet from the mill, and a small building where cotton waste is now kept—both the above buildings are to be moved fifteen rods."

If this representation and statement are to be taken as subject to the concluding clause qualifying the application as a warranty, then the question of fact is to be considered, whether it is a correct description of the property so far as regards the risk—for it obviously does not affect the value. And if the statement that the build-

ings are to be removed fifteen rods does affect the risk, or if the statement is a warranty of itself, and absolutely, then, as no time is specified in the application within which they were to be removed, and time is necessarily required to remove them, the question must arise whether a reasonable time had elapsed. The question of reasonable time is always a question of fact, except in those cases in which the law has established what is to be considered reasonable time. In a case like this, to wit: the reasonable time required to remove two buildings, no such reasonable time is or can be established by law. The nature of the case involves an inquiry as to facts, and reasonable inferences from the state of facts in the case. In cases where the law raises an inference from a state of facts, the facts being found, the law is to be pronounced by the Court; but in cases where the law raises no such inference, the reasonable consequence or effect of a state of facts, is as much a matter for the jury to consider, as is the existence of the facts themselves.

We therefore think that the charge and rulings of the Judge, are not liable to the objections made by the defendants; and that the case was properly submitted to the jury, whose verdict, rendered upon proof of facts of which they were the proper judges, must remain as the foundation of the judgment of the Court.

*New trial refused.*